USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DEREK SLOANE,

                        Plaintiff,

   -v.-

HECTOR RUIZ, P.O., KEOHANE, JOHN, S.P.O,
DIVISION OF PAROLE, THE BOARD OF
PAROLE, AREA NEW ROCHELLE,
WESTCHESTER COUNTY,

                        Defendants.

------------------------------------------------------------x

08 Civ. 9305 (GEL)

**OPINION AND ORDER**

Derek Sloane, pro se.

Andrew M. Cuomo, Attorney General of the State of
New York (Neil Shevlin, Assistant Attorney General,
of Counsel), New York, NY, for defendants.

GERARD E. LYNCH, District Judge:

     Derek Sloane brings this action pursuant to 42 U.S.C. § 1983, claiming that his constitutional rights were violated because the defendant parole authorities falsely stated, in a Notice of Parole Violation Report, that he had a history of drug abuse. Defendants move to dismiss for failure to state a claim. Because the plaintiff's allegations, even taken as true, do not establish a constitutional or other federal cause of action, the complaint will be dismissed.

## BACKGROUND

     The following facts are drawn from plaintiff's complaint, the allegations of which, for purposes of this motion to dismiss, must be taken as true, and from documents attached to or specifically referenced in the complaint.

Plaintiff was released from prison to parole supervision in February 2006. On May 6, 2006, less than three months after his release, plaintiff was arrested, allegedly while driving a stolen car. On or about May 15, defendant Hector Ruiz, plaintiff's parole officer, filed a notice of violation charging him with a number of violations of parole, including driving a stolen vehicle, failing to notify his parole officer of a change of address, failing to notify his parole officer of his contact with the police or of his arrest, and failing to abide by a curfew. In the report accompanying the notice, Ruiz stated that plaintiff had a history of drug abuse, noting as well, however, that urine tests taken since plaintiff's release had been negative.

On May 30, 2006, a hearing on the parole violation charge was held. Plaintiff, who was represented by counsel, pled guilty to failing to notify his parole officer of his arrest, in exchange for the dismissal of the other charges and an agreed sentence of time served plus three months. (Hearing Transcript, D. Mem. Ex. A, at 5-8.)[1]

On October 30, 2008, plaintiff filed the instant complaint, alleging that he had been defamed by the false statement in the report regarding his past drug abuse, which he alleged had been made in retaliation for his being a "whistle blower," in order to return him to prison, and in exchange for "U.S. currency[ ]." (Compl. at 7.)[2] On March 10, 2009, defendants moved to dismiss the complaint. On March 28, 2009, plaintiff responded to the motion, although he made no substantive response to defendants' arguments, instead renewing his earlier application for

---

[1] The Court may consider the transcript of the hearing, which plaintiff did not attach to his complaint, because plaintiff referenced the hearing in his complaint, and the events relating to his parole violation are "integral to the complaint." See, e.g., Int'l Audiotext Network, Inc. v. AT&T, 62 F.3d 69, 72 (2d Cir. 1995), quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991).

[2] Plaintiff does not explain who he believes paid Ruiz to make the false statement.

2

the appointment of counsel,[3] and urging the Court to treat his allegations with the liberality accorded to pro se litigants and to deny defendants' motion.

## DISCUSSION

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). At a "bare minimum," the plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." Goldstein v. Pataki, 516 F.3d 50, 57 (2d Cir. 2008).

Plaintiff expressly characterizes his complaint as one for defamation, in that defendants made false and damaging statements about him. It is well established, however, that defamation, even by a state official, is purely a matter of state law, and does not ordinarily rise to the level of a constitutional violation. Paul v. Davis, 424 U.S. 693 (1976); Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004). The available constitutional claim is one for deprivation of liberty without due process of law in violation of the Fourteenth Amendment.[4] But the interest in reputation in itself, which is protected by the state law of defamation, is not a constitutional liberty interest capable of giving rise to a due process claim. To establish a constitutional liberty interest, a plaintiff must satisfy the so-called "stigma plus" standard set forth in Paul v. Davis. Under that standard, "a plaintiff must show (1) the utterance of a statement sufficiently

---

[3] Plaintiff's earlier motion for appointment of counsel was denied by United States Magistrate Judge Theodore H. Katz on April 6, 2009.

[4] Plaintiff does not so characterize his complaint, instead treating his claim solely as one of defamation. But because plaintiff asserts his claim under § 1983, and because the allegations of a pro se plaintiff should be construed liberally to raise any constitutional claim they might plausibly raise, the Court will treat the complaint as raising a due process claim of this nature.

3

derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." Sadallah, 383 F.3d at 38 (quotation marks and citations omitted). Meeting that standard, however, does not establish a constitutional violation; it merely means that plaintiff has alleged a liberty interest entitling him to due process.

Here, plaintiff has not made out any constitutional violation. A prisoner or parolee has "no constitutionally protected guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). Rather, the Constitution provides him with the right "not to be deprived of a protected liberty interest without due process of law." Id. Plaintiff was accorded full procedural protection against the adverse effects of any false statement in his parole violation report. Assuming without deciding that the risk that a false allegation of past drug abuse, in the context of a parole violation report, could entail a risk of consequences to a parolee's liberty sufficient to trigger a due process right, the resulting parole hearing, at which plaintiff was represented by counsel, gave him all the process he was due.

At the hearing, plaintiff had every opportunity to challenge the statement that he now contends was false. He did not do so, evidently because he and his attorney made the entirely reasonable strategic decision to plead guilty to a violation of parole that did not relate to drugs in any way, in exchange for the dismissal of other charges (which also did not involve drugs) and a commitment to a relatively lenient sentence. The Administrative Law Judge noted that the case did *not* involve drugs or violence (Hearing Transcript, D. Mem. Ex. A, at 6), permitting the lenient disposition on which the parties had agreed. If plaintiff believed that the false allegation of past drug use would be damaging to him in any way, he had every opportunity at the hearing

4

to contest that allegation.

In short, a claim for defamation as such does not state a federal claim, and because defendant was accorded a full hearing on the allegations made in the Notice of Parole Violation and the accompanying report, neither does his complaint allege a violation of his constitutional right to due process. His complaint thus does not state any cause of action under § 1983, or any other plausible federal claim. To the extent that plaintiff also asserts state common-law claims for defamation and intentional infliction of extreme mental or emotional distress, the Court declines to assert pendent jurisdiction over such claims, which are more properly brought in state court. See Walker v. Time Life Films, Inc., 784 F.2d 44, 53 (2d Cir. 1986) (holding that, absent exceptional circumstances, federal courts should abstain from exercising pendent jurisdiction when all federal claims can be disposed of on a motion to dismiss). Of course, the Court expresses no view on the merits of any such state claim.

Accordingly, for the reasons stated above, to the extent the complaint asserts claims under federal law, such claims are dismissed with prejudice for failure to state a claim; to the extent the complaint asserts claims under state law, such claims are dismissed for lack of jurisdiction, without prejudice to their presentation to a state court of competent jurisdiction.

SO ORDERED.

Dated: New York, New York
April 15, 2009

_____
GERARD E. LYNCH
United States District Judge